UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL D.,

                                                                                                                              <u>DECISION AND ORDER</u>

                              Plaintiff,

                                                                                                                                20-CV-6692L

            v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

                                              Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On July 16, 2018, plaintiff, then thirty-nine years old, filed an application for a period of disability and disability insurance benefits, alleging disability as of August 15, 2017. (Administrative Transcript, Dkt. #11 at 15. His application was initially denied. Plaintiff requested a hearing, which was held August 29, 2019 before Administrative Law Judge ("ALJ") Jude B. Mulvey. The ALJ issued an unfavorable decision on December 20, 2019. (Dkt. #11 at 15-23). That decision became the final decision of the Commissioner when the Appeals Council denied review on July 17, 2020. (Dkt. #11 at 1-3). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for the calculation and payment of benefits or alternatively for further proceedings (Dkt. #12), and the Commissioner has cross moved (Dkt. #17) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set

forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical history and records, reflecting treatment for irritable bowel syndrome ("IBS"), a depressive disorder, and mild bipolar disorder, which the ALJ concluded were severe impairments not meeting or equaling a listed impairment. (Dkt. #11 at 17).

Applying the special technique for mental impairments, the ALJ found that plaintiff has moderate limitations in understanding, remembering, and applying information; moderate limitations in interacting with others; moderate limitations in concentration, persistence, and pace; and moderate limitations in adapting and managing himself. (Dkt. #11 at 18-19).

Upon review of the record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following nonexertional limitations: he is limited to simple, repetitive work involving only simple work-related decisions. He can have no more than occasional contact with coworkers and supervisors, and no more than incidental contact with the public, with "incidental" defined as "more than never and less than occasional," with no direct interaction with the public, but no need to be isolated from the public.

Plaintiff requires ready access to a restroom, but the need to use it can be accommodated by normal morning, lunch, and afternoon breaks, in addition to a twenty-minute additional restroom break each morning and afternoon. (Dkt. #11 at 19).

At the hearing, vocational expert Esperanza Distefano testified that a hypothetical individual with this RFC could perform plaintiff's past relevant work as a lathe operator. (Dkt. #11 at 22). The ALJ accordingly found plaintiff not disabled.

### I. Social Interaction Limitations

In assessing plaintiff's impairments, the ALJ found that plaintiff was "moderately" limited in social interaction. The ALJ's brief discussion of that finding noted that plaintiff "reported shopping, visiting his parents, and socializing with friends," and was described as "cooperative," with "adequate" social skills, during his examination by consulting psychiatrist Dr. Amanda Slowik.

Plaintiff argues that the ALJ's finding that plaintiff's social limitations were no more than moderate, and could thus be accommodated by a limitation to occasional interaction with supervisors and coworkers, and incidental contact with the public, was erroneous.

The Court agrees. The ALJ's finding that plaintiff's social limitations are no more than moderate was not supported by substantial evidence of record. Indeed, Dr. Slowik, whose April 22, 2019 opinion the ALJ found "somewhat persuasive" and specifically cited in support of the "moderate" finding, explicitly opined a greater-than-moderate level of social limitations. Dr. Slowik noted that plaintiff related a history of anger management problems at work. She found that although he was cooperative and acted appropriately during the examination, plaintiff exhibited "limited" insight and "questionable" judgment. Among other limitations, Dr. Slowik

opined that plaintiff had "moderate to marked" limitations in his ability to interact appropriately with the public, supervisors, and coworkers, and to regulate his emotions. (Dkt. #11 at 291-95).

No other medical opinions assessed plaintiff's social interaction limitations, and hearing testimony by plaintiff and his wife, describing plaintiff's anger management problems, difficulty with authority figures, and prior loss of jobs because of getting into fights with supervisors, was generally supportive of Dr. Slowik's opinion. (Dkt. #11 at 39, 51-52). *See generally Giddings v. Astrue*, 333 Fed. App'x 649, 652 (2d Cir. 2009) ("when a medical opinion stands uncontradicted, '[a] circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome' it").

Because the ALJ failed to set forth any reasons (let alone compelling ones) for rejecting Dr. Slowik's opinion concerning plaintiff's social interaction limitations, and because the ALJ's finding that such limitations were "moderate" is not otherwise well-supported by the evidence of record, remand is required.

## II.     Irritable Bowel Syndrome-Related Limitations

The ALJ found plaintiff's IBS to be a severe impairment, and determined that RFC limitations requiring "ready access" to a restroom, plus two additional 20-minute restroom breaks (in addition to normal breaks and lunchtime) would be sufficient to account for plaintiff's IBS symptoms. Plaintiff argues that this finding was arbitrary and unsupported, and that the ALJ improperly substituted lay opinion for competent medical opinions of record.

The Court concurs. The record contained pertinent medical opinions from plaintiff's treating nurse practitioner, Brianne Symonds (Dkt. #11 at 304-308), and from consulting family practitioner Dr. Justine Magurno (Dkt. #11 at 280-89). Ms. Symonds opined in July 2019 that since at least October 2016, plaintiff's IBS symptoms required unlimited access to the bathroom, and

4

indicated that bathroom trips would be urgent and immediate and could *not* be accommodated by a job allowing for a typical morning, lunch, and afternoon break. She further indicated that plaintiff's IBS medication side effects could diminish his work pace, that his symptoms would cause him to be off-task for up to 10% of the time each day, and depending on flare-ups, could result in plaintiff's absence from work for 4 or more days per month. (Dkt. #11 at 305, 307-308).

Dr. Magurno examined plaintiff on April 22, 2019, and opined that he would have "marked disruptions of ability to keep a regular schedule due to interruptions" caused by his IBS symptoms. (Dkt. #11 at 283, 288).

For his part, plaintiff testified at the hearing that he'd lost a prior job due to IBS symptoms, which resulted in him arriving late to work 3-4 times a month, because he had to turn around during his work commute in order to return home and urgently use the bathroom. (Dkt. #11 at 39-40). Plaintiff testified that at times, after every meal, IBS symptoms would cause repeated, unpredictable, and lengthy trips to the bathroom, often occupying the better part of a morning or afternoon. (Dkt. #11 at 41). Plaintiff stated that even when taking his IBS medication as prescribed, his need to use the restroom remained urgent. (Dkt. #11 at 42).

The ALJ declined to credit Ms. Symonds' opinion, Dr. Magurno's opinion, or plaintiff's testimony, concerning the extent to which plaintiff's IBS symptoms would disrupt a normal workday. Specifically, the ALJ found that the opinions and testimony were "not supported by Ms. Symonds' treatment notes . . . which documented few complaints and little to no positive objective medical evidence." (Dkt. #11 at 21, 22). Instead, the ALJ found that plaintiff's IBS symptoms could be accommodated by the addition of two 20-minute restroom breaks each day – a limitation that had not been suggested by any medical source, and does not appear to have derived from any of the medical evidence of record.

This was error. The ALJ's substitution of lay opinion for competent medical opinion was improper, and the reasoning set forth by the ALJ for rejecting the medical opinions was insufficiently explained and unsupported by the record. *See Devine v. Saul*, 2020 U.S. Dist. LEXIS 59325 at *14-*15 (W.D.N.Y. 2020) (ALJ committed reversible error where ALJ found that plaintiff's IBS could be sufficiently accommodated by a short hourly bathroom break, where no medical source had given such an opinion, and where plaintiff had testified that she spent about four hours in the bathroom every morning due to IBS symptoms).

Initially, the ALJ's description of plaintiff's IBS treatment records as showing few "complaints" or objective signs was a misleading oversimplification, one which erroneously demanded objective evidence of a subjective disorder. Plaintiff, like all IBS patients, was diagnosed and treated for IBS based largely on a clinical evaluation of his symptoms, rather than upon objective findings or testing.[1] (Dkt. #11 at 270: October 2016 IBS diagnosis, relying on complaints of diarrhea, cramping, and urgent bathroom trips 3-4 times per day).

Nor were plaintiff's treatment visits during the relevant period necessarily "free of complaints." Plaintiff stated during one session in October 2017 that his IBS medication "help[ed] with abdomen pain," and on a subsequent visit in April 2018 indicated that his symptoms were being "well controlled" by medication at that time. (Dkt. #11 at 244, 249). There is no indication that plaintiff's belief that his symptoms were "well controlled" indicated an *absence* of symptoms, and his treatment records shed no light on the frequency or duration of plaintiff's bathroom needs. Regardless, sometime between April 2018 and November 2018, plaintiff observed that his IBS

---

[1] IBS is not diagnosable by objective testing. "No anatomic cause can be found on laboratory tests, x-rays, biopsies," and diagnosis is typically made by clinical evaluation, and by ruling out other causes for symptoms. Merck Manual Professional, https://www.merckmanuals.com/professional/gastrointestinal-disorders/irritable-bowel-syndrome-ibs/irritable-bowel-syndrome-ibs (last visited December 17, 2021).

symptoms began "increasing," by which time he complained of diarrhea 2-3 times per day. (Dkt. #11 at 244, 249, 344).

In summary, the ALJ failed to sufficiently explain or support the reasons for rejecting the opinions of Ms. Symonds and Dr. Magurno concerning plaintiff's IBS-related limitations. Further, the specific restroom break limitations included in the ALJ's RFC determination were not supported by any medical opinion, and amounted to the ALJ's improper substitution of lay opinion for competent medical evidence.

This is not a case where the record contains such persuasive proof of disability that remand for calculation and payment of benefits is warranted. For the reasons discussed above, I find that remand for further proceedings is the appropriate remedy.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #12) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #17) is denied.

The ALJ's decision is reversed and remanded, and the ALJ is instructed to render a new decision which considers all of the evidence of record, and redetermines plaintiff's claim at each step of the five-step sequential evaluation. Such analysis should include assessment and weighing

of the opinions of Dr. Magurno and Ms. Symonds, with a detailed discussion of all of the factors relevant to the consideration of medical opinion evidence.

    IT IS SO ORDERED.

                                                    _____
                                                        DAVID G. LARIMER
                                                  United States District Judge

Dated: Rochester, New York
       December 27, 2021.